IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CIV-22-897-SM |
| ) | |
| KILOLO KIJAKAZI, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Stephanie Campbell (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c).[1] Docs. 14, 15.

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) erred in his consideration of her systemic lupus erythematosus (SLE) at step three. For the reasons explained below, the Court reverses the Commissioner's decision.

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record (AR) will refer to its original pagination.

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

**C.   Relevant findings.**

    **1.   The ALJ's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 12-23; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found that Plaintiff:

(1) had not engaged in substantial gainful activity since September 10, 2019, the amended alleged onset date;

(2) has the following severe impairments: gastroesophageal reflux disease, obesity, systemic lupus erythematosus, rheumatoid arthritis, multilevel degenerative disc disease with radiculopathy status-post L5-S1 fusion, neuropathy, borderline personality disorder, anxiety disorder, post-traumatic stress disorder, and dissociative identity disorder;

(3) has no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) has the residual functional capacity[2] (RFC) to perform light work with the following additional limitations: she can occasionally stoop, kneel, crouch, and crawl, she should avoid concentrated exposure to extreme cold temperatures and weather, and to vibration, she should not be exposed to direct sunlight for more than a few minutes at a time, she can handle and finger bilaterally frequently, she can understand, remember, and execute simple instructions consistent with unskilled work, she can maintain concentration, persistence, and pace in so doing, she can

---

[2]   Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

3

        occasionally interact with colleagues, supervisors, and the public, she can perform low stress work, defined as only occasional workplace changes, making occasional simple decisions, and performing tasks in which she has some control over work pace subject to ordinary overall production requirements;

(5)      is unable to perform her past relevant work;

(6)      can perform jobs that exist in significant numbers in the national economy, such as bagger, SVP 1, Dictionary of Occupational Titles, (DOT) code 920.687-018 with approximately 25,000 jobs in the national economy; mail clerk, SVP 2, DOT code 209.687-026, with approximately 70,000 jobs in the national economy; and garment sorter, SVP 2, DOT code 222.687-014, with approximately 20,000 jobs in the national economy; and so,

(7)      has not been under a disability since September 10, 2019.

*See* AR 12-23.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the

ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052.

The Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.*

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409

5

(2009) (placing the burden to show harmful error on the party challenging an agency's determination).

### B.     The ALJ committed reversible error at step three.

Plaintiff contends the ALJ committed reversible step-three error because he "did not discuss the evidence or his reasons for determining that [Plaintiff] was not disabled at step three." Doc. 12, at 7 (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)). Plaintiff contends the ALJ failed to provide sufficient reasoning at step three to support his conclusion that Plaintiff's impairments did not meet or medically equal Listing 14.02, Systemic Lupus Erythematosus. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.02. The Court agrees.

At the third step of the sequential analysis, the ALJ is required to determine whether a plaintiff's impairments are "equivalent to one of a number of listed impairments that [Defendant] acknowledges as so severe as to preclude substantial gainful activity." *Clifton*, 79 F.3d at 1009 (quoting *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). The ALJ must "discuss the evidence and explain why he found that [a plaintiff] was not disabled at step three." *Id.* An ALJ who states only a "summary conclusion that [the plaintiff's] impairments did not meet or equal any Listed Impairment" has not provided an adequate explanation that allows for "meaningful judicial review." *Id.*

As the Commissioner notes, however, *Clifton* does not "reject the application of harmless error analysis," *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). Doc. 19, at 15. So an ALJ's decision that fails to include specific step three findings may be affirmed when the step three determination is supported by "confirmed or unchallenged findings made elsewhere in the ALJ's decision." *Fischer-Ross*, 431 F.3d at 734. For instance, the ALJ could include adequate reasoning in steps four or five of his analysis that "conclusively preclude [a plaintiff's] qualification under the listings at step three" such that "[n]o reasonable factfinder could conclude otherwise." *Id.* at 735. "If, however, there are no findings that 'conclusively negate the possibility' that [a plaintiff] can meet a relevant listing, [the Court] must remand to the ALJ for further findings." *Murdock v. Astrue*, 458 F. App'x 702, 704 (10th Cir. 2012) (quoting *Fischer-Ross*, 431 F.3d at 735).

The "A" criteria of Listing 14.02 (Systemic Lupus Erythematosus) require the following: (1) a diagnosis of lupus, (2) involving two or more organs or body systems, (3) with one of the body systems involved to at least a moderate level of severity; and (4) at least two of the constitutional signs or symptoms, which are severe fatigue, fever, malaise, or involuntary weight loss. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.02A.

Here, the ALJ devoted only one paragraph to the entirety of his step-three analysis simply noting the listings he had considered:

> The claimant's condition does not meet the requirements of Listing 14.02 systemic lupus erythematosus, which requires documentation and severe impairment of one or more organ or body system, or lesser involvement of two or more organs/body systems with symptoms and signs of severe fatigue, fever, malaise, and weight loss, as further described in the listing.

AR 14.

The ALJ's step three analysis lacks discussion of any medical evidence in support of his conclusion that Plaintiff's condition does not meet Listing 14.02's requirements. The ALJ merely stated in a conclusory manner that the evidence does not meet Listing 14.02. *Id.* This approach falls short of meeting the requirement that the ALJ discuss the relevant evidence and explain on the record why Plaintiff's impairment did not meet or equal the listing in question. *See Dye v. Barnhart*, 180 F. App'x 27, 29 (10th Cir. 2006) (finding similar conclusory statement amounted to a "bare conclusion" rejected in *Clifton*).

The Commissioner contends she need not discuss evidence when there is no evidence to discuss. Doc. 19, at 5-6. She then argues Plaintiff could not show a moderate degree of severity impacting specific body systems or organs. *Id.* at 6. Next, she argues that even if Plaintiff could show her skin and immune system disorders (rheumatoid arthritis) reached this severity, she cannot show this severity for at least twelve months consecutively during the relevant

period. *Id.* at 7. Lastly, she argues that even if Plaintiff could show the requisite duration of moderate severity, she cannot show she experienced the symptoms of severe fatigue and malaise she claims. *Id.* at 11.

Plaintiff reiterates that the ALJ's step-four analysis must "'conclusively negate the possibility' that a claimant can meet a relevant listing." *Murdock,* 458 F. App'x at 704 (quoting *Fischer-Ross*, 431 F.3d at 735). She argues the Commissioner cannot now rely upon factors the ALJ did not apparently rely on in making his decision. As to body systems or organs, Plaintiff points to record evidence of inflammatory arthritis, photosensitivity, and rashes. Doc. 12, at 8-9 (citing AR 874, 884, 890, 893, 916, 921, 1285, 948, 1321, 1454, 1495). Although the ALJ found her inflammatory arthritis did not meet a listing, the ALJ found Plaintiff's rheumatoid arthritis severe. AR 12, 18-19. And she notes that, as in this Court's recent cases, the ALJ did not refer to Plaintiff's constitutional systems. Doc. 12, at 12-14; Doc. 20, at 7 (citing *Shott v. Saul*, No. CIV-18-1018-D, 2019 WL 5090009, at *3 (W.D. Okla. Sep. 17, 2019), *adopted*, 2019 WL 5087488 (W.D. Okla. Oct. 10, 2019), and *Wedel v. Kijakazi*, No. CIV-20-659-P, 2021 WL 4399721 (W.D. Okla. Sept. 27, 2021)). She also cites record evidence of fatigue and malaise. Doc. 12, at 8-9 (citing AR 550, 884, 1252, 1256, 1315, 1450, 1458, 1481).

The Commissioner picks apart the record, pointing to evidence that appears post-hoc at best. She cites visits where Plaintiff did not report or appear to have any rashes and where she did not have muscular skeletal issues. Doc. 19, at 8-10. She cites visits where Plaintiff showed improvement while receiving medications for rheumatoid arthritis. *Id.* She then argues that Plaintiff did not demonstrate severe fatigue and malaise over the relevant time period as required. *Id.* at 12-13.

The Commissioner's argument amounts to a post-hoc rationale to support the ALJ's decision. The ALJ made no findings that "conclusively negate the possibility" that Plaintiff can meet Listing 14.02A. The Court must therefore reverse and remand this case to the ALJ for further findings. *Murdock*, 458 F. App'x at 704.

### III. Conclusion.

Based on the above, the Court reverses the Commissioner's decision.

**ENTERED** this 21st day of July, 2023.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE